# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DELARICK EVANS,

    *Plaintiff,*

vs.

Case No. 16-1039

BRISTOL-MYERS SQUIBB CO.,
BRISTOL-MYERS SQUIBB PHARMA
CO., PHARMACORR, LLC,

    *Defendants.*

## MEMORANDUM AND ORDER

Pro se Plaintiff Delarick Evans filed his Complaint against Defendants—"BMS" (denoting both Bristol-Myers Squib Co. and Bristol-Myers Squibb Pharma Co.) and PharmaCorr, LLC. Evans alleges that Defendants manufactured and distributed a drug that harmed him. This matter comes before the Court on BMS's Motion to Dismiss (Doc. 11); PharmaCorr's Motion to Dismiss Plaintiff's Complaint Under the "Three Strike Rule" Pursuant to 28 U.S.C. § 1915(g) (Doc. 14), which BMS joined; and Evans' Motion to Strike (Doc. 21). For the reasons stated below, the Court denies Evans' Motion to Strike, grants in part and denies in part Defendants' Motion to Dismiss Under the "Three Strike Rule", and dismisses as moot BMS's Motion to Dismiss.

## I.     Factual and Procedural Background

Both BMS companies are Delaware corporations with their principal places of businesses in New York. PharmaCorr is a Delaware corporation with its principal place of business in Oklahoma. Evans is a Kansas citizen and a prisoner incarcerated in a Kansas correctional facility. Evans initially filed this matter with the District Court of Butler County, Kansas seeking $1,000,000 in damages. There, Evans proceeded without paying the full filing fee under a poverty affidavit. With PharmaCorr's consent, BMS removed the case to this Court. Evans has filed at least four cases in this District under the name of Delarick Hunter,[1] a name identified by the Kansas Department of Corrections Offender Search website as an alias used by Evans. In at least three of those cases the Court dismissed the submitted pleadings on grounds that qualify them as strikes under 28 U.S.C. § 1915(g).[2]

## II.     Analysis

### A. Evans' Motion to Strike

Before considering Defendants' motions to dismiss, the Court must decide Evans' motion to strike PharmaCorr's motion to dismiss. Evans moved to strike PharmaCorr's motion, which BMS joined, arguing that PharmaCorr's attorney neither "entered an appearance before filing such" motion, nor served him with an appearance. Under Local Rule 5.1(d)(2), an attorney may

---

[1] *Hunter v. State of Kansas*, Case No. 08-3075-SAC (D. Kan. 2008); *Hunter v. Supreme Court of Kanas*, Case No. 07-3037-SAC (D. Kan. 2007); *Hunter v. McKune*, Case No. 08-3111-SAC (D. Kan. 2003); and *Hunter v. Young*, Case No. 05-3074-MLB (D. Kan. 2005).

[2] The cases are: (1) *Hunter v. McKune*, Case No. 08-3113-SAC (D. Kan. July 11, 2008) (dismissing a civil rights action seeking damages for error in sentence computation as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)); (2) *Hunter v. State of Kansas*, Case No. 08-3075-SAC (D. Kan. July 11, 2008) (dismissing damages claim as frivolous and claim for declaratory and injunctive relief on abstention grounds for a civil rights complaint concerning a pending state court criminal proceeding); and (3) *Hunter v. Supreme Court of Kansas*, Case No. 07-3037-SAC (D. Kan. June 12, 2007) (dismissing as frivolous an action seeking federal mandamus relief against state official).

enter his or her appearance by signing the party's initial motion filed in the case. PharmaCorr's first filing in this case was its motion to dismiss. PharmaCorr appropriately served Evans with that motion. Therefore, PharmaCorr's attorney properly entered his appearance by filing an initial motion, and Evans' related motion to strike is denied.

## B. Defendants' Motions to Dismiss

The Court will now address each of the Defendants motions to dismiss. Initially, Defendants argue that Evans' case cannot proceed unless he complies with the "three strikes rule." The "three strikes rule" found in 28 U.S.C. § 1915(g) prevents a prisoner from abusing the federal civil judicial process:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Evans' case begs an important threshold question: can a plaintiff through the defendant's removal to federal court, circumvent the "three strikes rule" as stated in § 1915(g)? Currently, no Tenth Circuit case law squarely addresses § 1915(g)'s effect on a prisoner plaintiff who is proceeding *in forma pauperis* in state court and, without paying federal filing fees, is removed to federal court.

The Fourth and Eleventh Circuit published cases instructive on that question.[3] Both cases dealt with similar facts. Inmates barred by § 1915(g) filed an action in state court. The defendants removed those actions and paid the related filing fees.[4] Neither inmate subsequently

---

[3] *See Lisenby v. Lear*, 674 F.3d 259 (4th Cir. 2012); *Lloyd v. Benton*, 686 F.3d 1225 (11th Cir. 2012).

[4] *Lisenby*, 674 F.3d at 260; *Lloyd*, 686 F.3d at 1226.

paid federal fees, nor applied for *in forma pauperis* status in federal court.[5]  Both Circuits' district courts ultimately remanded the cases.[6]  The district courts reasoned that § 1915(g) effectively limited defendants' removal rights because it prevented three-strikers from pursuing a civil action in federal court *in forma pauperis*.  Also important, the district courts reasoned that dismissing the plaintiffs' possibly meritorious claims through the defendants' procedural move was the greater harm.[7]  Both defendants appealed the remand orders.[8]

On appeal, both Circuits ruled that the action should be decided in federal court according to federal law.[9]  Each Circuit determined that their respective defendants properly removed their cases to federal court because federal courts have original jurisdiction for cases involving a federal question.[10]  After establishing the defendants' respective rights to defend themselves in federal court, the Circuits considered whether § 1915(g) qualified defendants' removal right or otherwise affected the district courts' authority to decide the case.[11]  Both Circuits reasoned that § 1915(g) does not deprive district courts of subject matter jurisdiction, and no other legal authority supported remand of the action.[12]  Accordingly, both Circuits concluded that federal district courts must adjudicate a "frequent filer" plaintiff's claims

---

[5] *See Lisenby*, 674 F.3d at 260; *Lloyd*, 686 F.3d at 1226.

[6] *Lisenby*, 674 F.3d at 260–61; *Lloyd*, 686 F.3d at 1227.

[7] *Lisenby*, 674 F.3d at 260–61; *Lloyd*, 686 F.3d at 1227.

[8] *Lisenby*, 674 F.3d at 260; *Lloyd*, 686 F.3d at 1226.

[9] *See Lisenby*, 674 F.3d at 263; *Lloyd*, 686 F.3d at 1228.

[10] *Lisenby*, 674 F.3d at 262; *Lloyd*, 686 F.3d at 1228.

[11] *See Lisenby*, 674 F.3d at 261; *Lloyd*, 686 F.3d at 1227–28.

[12] *Lisenby*, 674 F.3d at 263; *Lloyd*, 686 F.3d at 1227–28.

following a defendant's proper removal.[13]  District courts since have applied the Fourth and Eleventh Circuits' reasoning by screening a prisoner-plaintiff's complaint under § 1915(g) once properly removed by a defendant to federal court.[14]

Evans' materially identical circumstances convince the Court to follow the Fourth and Eleventh Circuits' analysis, particularly as later applied by other district courts.  Before filing his complaint in state court without paying the filing fee, Evans had at least three "strikes."  Defendants removed Evans' suit from state court.  Removal was proper under 28 U.S.C. §§ 1332(a), 1332(d), and 1441.  Thus, this Court has original subject matter jurisdiction over Evans' claim.  No presented evidence or arguments identify a legal basis to remand.  Accordingly, the Court must apply § 1915(g), as though Evans originally filed in this Court.

Evans qualifies as a "three-striker" and must prove his right to litigate under § 1915(g)'s terms. Section 1915(g) permits "three-strikers," like Evans, to pursue federal civil actions only if s/he pays the court's fees or meets an exigent harm exception.  Evans has not paid any fees associated with this litigation.  Evans' only way forward is through § 1915(g)'s "imminent danger of serious physical injury" exception.  Turning to his Complaint, Evans seeks damages for current side effects resulting from medication that he previously took.  But Evans does not claim "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."[15]  Thus, his claim fails to satisfy the imminence requirement.  Because Evans has three "strikes," did not pay the filing fee

---

[13] *Lisenby*, 674 F.3d at 263; *Lloyd*, 686 F.3d at 1228.

[14] *See Riggins v. Corizon Med. Servs.*, 2012 WL 5471248 at *1 (S.D. Ala. Oct. 19, 2012); *Riggins v. Kuoy*, 2014 WL 3764156 at *3 (S.D. Ala. July 30, 2014); *Harris v. Fla. Dep't of Corrs.*, 2015 WL 1729474 at *3 (N.D. Fla. April 14, 2015).

[15] *Fuller v. Myers*, 123 Fed. Appx. 365, 366 (10th Cir. 2008) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (explaining what details an inmate must allege to satisfy § 1915(g)'s exception).

associated with this with this federal litigation, and fails § 1915(g)'s exception to prepayment of fees, dismissal is appropriate. So that he may properly refile this action in compliance with § 1915(g) by paying his federal filing fees, Evans' claim will be dismissed without prejudice.

As such, the Defendants' motion to dismiss Evans' complaint under § 1915(g) is granted, but the Court denies Defendants' request to dismiss with prejudice Evans' complaint. Because the Court dismissed Evans' claim, it need not consider Defendants' remaining arguments for dismissal under Rule 12(b)(6). BMS's Motion to Dismiss is therefore denied as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike (Doc. 21) is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint Under the "Three Strikes Rule" Pursuant to 28 U.S.C. Section 1915(g) (Doc. 14) is hereby **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED** that Defendant Bristol-Myers Squibb Co. and Bristol-Myers Squibb Pharma Co.'s Motion to Dismiss (Doc. 11) is hereby **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 8th day of June, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE